STEPHEN EIMERS, as Personal Representative )
of the Estate of Hannah Eimers, )
)
         Plaintiff, )
)
v. )      No. 1:19-cv-44-TRM-SKL
)
VALMONT INDUSTRIES, INC., *et al.*, )
)
         Defendants. )
)

## <u>ORDER</u>

Before the Court is Plaintiff's motion for leave to file a document under seal [Doc. 24].

Plaintiff's proposed sealed document is his unredacted proposed First Amended Complaint [Doc.

25]. The unredacted proposed First Amended Complaint was filed in connection with Plaintiff's

(opposed) motion for leave to file the First Amended Complaint [Doc. 23]. Also before the Court

is Plaintiff's motion to substitute his reply brief filed in support of the motion for leave to file the

First Amended Complaint [Doc. 32]. Plaintiff seeks to replace his reply brief due to a scrivener's

error, and he attaches a copy of the proposed corrected reply brief to the motion to substitute [Doc.

32-1].

In summary, Plaintiff's motion to amend seeks to add a claim for punitive damages and

purports to support that claim with various allegations that are extensively redacted. Plaintiff's

only stated justification for seeking to file the unredacted First Amended Complaint under seal is

that the extensively redacted information was obtained from discovery responses and depositions

that Defendant Lindsay Corporation ("Lindsay") has designated as confidential pursuant to an

agreed protective order entered in pending state court action(s) involving different plaintiffs

represented by the same counsel against the same defendants. The state court agreed protective order [Doc. 24-1] does not reference this federal action.[1]

Plaintiff's motion to seal specifically rejects that the redacted portion of his proposed First Amended Complaint legitimately requires sealing. Specifically, Plaintiff states that he

> does not agree that this information is confidential and has, therefore, challenged Lindsay's confidentiality designations pursuant to the procedure set forth in the protective order. Nevertheless, until such time as Lindsay withdraws its confidentiality designations or the Court overrules Lindsay's designations, Plaintiff is bound to maintain such information as confidential. Plaintiff, therefore, seeks to file the unredacted version of Exhibit A to his Motion for Leave to File First Amended Complaint under seal.

[Doc. 24 at Page ID # 116-17 (citation to state court agreed protective order omitted)].

Defendants did not file any response to the motion to seal, although Defendants Lindsay, Lindsay Transportation Solutions Sales & Service, LLC, and Lindsay Transportation Solutions, Inc. did file a response in opposition to the motion to amend [Doc. 29]. While not addressing the merits of the sealing issue, the response in opposition to the motion to amend states the redacted portion of the proposed First Amended Complaint:

> references and contains excerpted testimony from Lindsay's representatives in the Tennessee State Court Cases that has been designated confidential. Plaintiff's counsel has access to this information because they are counsel to four other Plaintiffs that have filed claims against Lindsay. Plaintiff should not be permitted to use this information here, as it was produced in other litigation pursuant to Protective Orders which limit the use of such information to the cases in which they were produced – therefore, not this litigation – and limits distribution of such information to specifically delineated individuals, of which Plaintiff Stephen Eimers does not qualify. The documentary evidence and deposition

---

[1] According to Lindsay, Plaintiff's original complaint is one of four nearly identical complaints filed against it in state courts, the same law firm and individual attorneys represent each of the four sets of plaintiffs, the allegations against Lindsay are nearly identical, and the discovery taken thus far in some of the state court actions has been essentially the same. Plaintiff in this case is not a party in the state court litigation.

testimony should not be permitted in a public filing while still subject to the terms of a Protective Order in those cases. Plaintiff argues that Lindsay has "engineered an untenable paradox" by designating documents and deposition testimony as confidential; however, both the Hamilton County Court in Byrd and Plaintiff's counsel consented to Lindsay's entire production as confidential due to the practical considerations of reviewing and producing almost 200,000 pages of documents. As for the deposition designations, Lindsay's counsel and Plaintiff's counsel have discussed the subject recently, and Lindsay's counsel has agreed to review and remove confidentiality designations where appropriate. Until that time, the material should not be included in a public filing.

[Doc. 29 at Page ID # 178 (footnote omitted)].

Plaintiff's proposed substitute reply brief in support of his motion to amend reports that Lindsay now claims Paragraphs 30-45, 47-58, and 60-61 remain designated as "confidential." [Doc. 32-1 at Page ID # 288-89]. Although unclear, perhaps this means Plaintiff's motion to seal no longer applies to paragraphs 28-29, 46, and 59 of the proposed First Amended Complaint by agreement of the parties.

This Court's Memorandum and Order Regarding Sealing "Confidential" Information enunciates the specific standards that must be met and the procedures that must be followed in order to file anything in the court record under seal [Doc. 10]. As stated therein:

In the event a party moves to file under seal information which has been designated as confidential by someone else (e.g., another party or a non-party), the party who has designated the information as confidential will have 14 days from service of the motion to seal to file: (a) a response indicating whether that party supports the motion to seal, and, if the response is in the affirmative; (b) any declarations or other papers supporting such response.

[Doc. 10 at Page ID # 58, ¶ 2].

As noted above, Lindsay has not provided any support for sealing the redacted portions of the proposed First Amended Complaint and the time for doing so has passed. As Lindsay provided

no compelling reason, evidence, or even an explanation supporting sealing any of the redacted information, they have failed to meet the applicable legal standards for sealing.

The Court is aware that the parties and counsel must proceed cautiously when attempting to use information that has been designated as confidential pursuant to an agreed protective order entered in other matter(s). However, under the clear authority set out in the Court's Memorandum and Order Regarding Sealing "Confidential" Information, that designation alone will not justify filing designated "confidential" information under seal. While Plaintiff's reply in support of his motion to amend suggests that a plaintiff in the state court proceeding(s) (not Plaintiff herein as stated in the original motion to seal) has "officially challenged" the confidentiality designations, the status of any such challenge in the applicable state proceeding(s) is unclear. Moreover, even if the redacted information was determined to be "confidential" under an agreed protective order that limits the use of discovery in the state court proceeding(s), that determination would not be tantamount to a finding that the information qualifies for exclusion from the public record under the rigorous standards for sealing applicable in this Court. Likewise, any agreement by the parties to file documents under seal is of no effect. Furthermore, an order concerning the issue of sealing court records in this case will not relieve any party or counsel of any responsibility or consequences they may have under the state court agreed protective order.

Accordingly, the Court **ORDERS** that:

1. The parties shall meet and confer in person within **14 days** in an attempt to agree upon some mutually acceptable form of amendment of Plaintiff's complaint that resolves the issues addressed herein and in the pending motions.

2. If the motion to amend is not resolved by agreement, within **30 days** of the entry of this Order the parties shall submit by email (lee_chambers@tned.uscourts.gov) a joint

certificate of conferral signed by counsel that sets forth: (a) which attorneys conferred; (b) how long the conferral process lasted; (c) the manner of the conferral (i.e., by phone, video conference, in person, etc.); (d) whether any agreements were reached to narrow or resolve the motion to amend; and (e) whether the parties are in agreement that any portion of the proposed amendment should be sealed with citation to proper supporting authority for any such proposed sealing.

3. Also within **30 days** of the entry of this Order, for any paragraph of the proposed First Amended Complaint where a dispute remains regarding sealing after the required conferral, the parties shall **jointly** submit by email a chart signed by counsel that lists separately for each numbered paragraph of the proposed First Amended Complaint: (a) the claimed exception to the right of public access; (b) the claimant's basis for said claim, including citation to authority and any evidence supporting the claim; and (c) the opponent's position disputing said claim, including any authority supporting the opponent's position.

4. Also, within **30 days** of the entry of this Order, for any paragraph of the proposed First Amended Complaint listed in the chart (see Item 3), the parties shall submit by email a signed, joint status report about any state court proceedings concerning the confidential designation of said information.

5. Plaintiff's motion to substitute reply brief [Doc. 32] is **GRANTED**. Plaintiff is **ORDERED** to file the proposed substitute reply brief [Doc. 32-1] as a separate entry on the docket within **48 (forty-eight) hours** of entry of this Order.

The parties are on **NOTICE** that if the Court deems a hearing to be necessary on either the motion to seal or the motion to amend, the conferring attorneys (see Item 1) and the attorneys

signing the chart (see Item 3) will be required to attend the hearing in person. Therefore, the parties may also suggest mutually agreeable hearing dates for the Court's consideration within 30 days.

**SO ORDERED.**

**ENTER:**

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE