UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| STEPHEN EIMERS, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 1:19-cv-44 |
| v. | ) | Judge Travis R. McDonough |
| LINDSAY CORPORATION, *et al.*, | ) | Magistrate Judge Christopher H. Steger |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are the following motions: (1) Defendants Lindsay Corporation and Lindsay Transportation Services, LLC f/k/a (i) Lindsay Transportation Solution Sales & Services, LLC and (ii) Lindsay Transportation Solutions Inc. f/k/a Barrier Systems, Inc.'s ("Defendants") motion to enforce the settlement agreement (Doc. 423); (2) Plaintiff Stephen Eimers's ("Plaintiff") cross-motion to enforce the settlement (Doc. 415); and (3) Plaintiff's motion to file a sur-reply (Doc. 436). The Plaintiff's motion to file a sur-reply (Doc. 436) is **GRANTED**. For the following reasons, the Court will **DENY** the parties' cross motions to enforce the settlement (Docs. 415, 423).

I. BACKGROUND

On February 15, 2019, Defendants removed the underlying suit from the Circuit Court of McMinn County, Tennessee. (Doc. 1.) The parties settled the case (Doc. 408) and filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 393). The stipulation of dismissal made no mention of the settlement agreement or request that the Court retain jurisdiction over the settlement agreement. (*See* Doc. 393.) Plaintiff and

Defendants now allege that both parties have breached the settlement agreement and seek enforcement of the agreement. (Docs. 415, 423.) Both Plaintiff's and Defendants' motions to enforcement settlement are ripe.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and only possess that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Enforcement of [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378 (refusing to exercise ancillary jurisdiction over a settlement agreement for a suit that was dismissed pursuant to a stipulation of dismissal). "[A] federal court can exercise ancillary jurisdiction over a subsequent action involving [a] settlement agreement only if the settlement terms are made part of the order of dismissal . . . ." *202 N. Monroe, LLC v. Sower*, 850 F.3d 265, 270 (6th Cir. 2017) (citation modified). If there is no incorporation of the settlement terms in the order of dismissal, "[e]nforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

This Court lacks jurisdiction to enforce the settlement agreement. The parties dismissed the suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the stipulation of dismissal did not incorporate any of the settlement terms. (*See generally* Doc. 393.) Furthermore, the settlement agreement does not create independent jurisdiction—there is no federal question, and neither party alleges damages over the required amount in controversy to enact the Court's diversity jurisdiction. Therefore, this Court finds that it lacks subject matter jurisdiction to entertain the parties' cross motions to enforce the settlement agreement.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to file a sur-reply (Doc. 436) and **DENIES** the parties' cross motions to enforce the settlement (Docs. 415, 423).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**